IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **GENE PHILLIP VELA** | § |
| | § |
| V. | §   A-10-CA-247-LY |
| | § |
| **TRAVIS COUNTY, TEXAS;** | § |
| **GREG HAMILTON; DARREN LONG;** | § |
| **BENNIE CURETON; LISA BROWN;** | § |
| **and JOHN FORD, M.D.** | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 31); the Motions to Dismiss, filed by Defendants Travis County, Hamilton, Long, Cureton and Brown (the "Travis County Defendants"), which the Court converted to Motions for Summary Judgment (Document Nos. 38-39); the Motion for Summary Judgment filed by the Travis County Defendants (Document No. 44); the Sealed Exhibit A-4 filed by the Travis County Defendants (Document No. 43); and Defendant Ford's Motion for Summary Judgment (Document No. 46). Plaintiff did not file responses to the Motions for Summary Judgment. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.


# I. BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was incarcerated in the Travis County Correctional Complex ("TCCC"). Plaintiff has been released and has filed an amended complaint. Plaintiff alleges he received inadequate medical care during his 2009 incarceration and this caused him to attempt suicide. He contends the denial of adequate medical care violated his Eighth and Fourteenth Amendment rights and constituted cruel and unusual punishment and that the Defendants were grossly negligent in the medical care they did provide . Plaintiff further contends the denial of medical care violated the Americans with Disabilities Act ("ADA").

Plaintiff sues Travis County, Sheriff Greg Hamilton, Major Darren Long, Captain Bennie Cureton, Captain Lisa Brown, and Dr. John Ford. He seeks a declaratory judgment, compensatory damages in the amount of $250,000 against each defendant, punitive damages in the amount of $150,000 against each defendant, and costs of court.

The Travis County Defendants moved to dismiss Plaintiff's complaint. The Court converted their motions to dismiss to motions for summary judgment and provided the parties the opportunity to file summary judgment evidence. Rather than filing supplemental summary judgment evidence, the Travis County Defendants filed a Motion for Summary Judgment. The Motion for Summary Judgment renders moot the Motions to Dismiss filed by the Travis County Defendants. Defendant Ford also moves for summary judgment.

The Travis County Defendants argue Plaintiff has failed to identify a policy, practice, or custom, which caused the violation of his constitutional rights. They further argue Plaintiff has failed to allege any personal involvement on the part of the Travis County Defendants regarding the underlying allegations of unconstitutional conduct. Additionally, they argue they are entitled to

qualified immunity. With regard to Plaintiff's claims brought under the ADA the Travis County Defendants argue Plaintiff failed to allege and cannot prove he was denied the benefits of the Travis County Jail's mental health services based on his alleged disability.

Defendant Ford similarly argues he is entitled to qualified immunity. Specifically, Defendant Ford argues he was not deliberately indifferent to Plaintiff's medical care and his conduct was objectively reasonable. Defendant Ford also contends Plaintiff may not maintain an ADA claim against him, because he is not a public entity and Plaintiff's ADA claim cannot be based on medical treatment decisions.

## II. ANALYSIS

A.  Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

---

[1] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.   Qualified Immunity

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457

4

U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991). The Supreme Court used to require that the first of these criteria—whether plaintiff has alleged a constitutional violation—be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). In 2009 the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, -- U.S. --, 129 S. Ct. 808 (2009).

    1.    Medical Care[2]

To succeed in this § 1983 action, Plaintiff must establish the Defendants were deliberately indifference to his serious medical condition, "an extremely high standard to meet." Domino v. Tex.

---

[2] Plaintiff purports to base his claim to adequate medical care on the Eighth and Fourteenth Amendments. Because Plaintiff was a pretrial detainee at the time in question, his rights derive from the Fourteenth Amendment, not the Eighth Amendment. See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Having said this, because the standard is essentially the same for both pretrial detainees and post-conviction prisoners, cases applying the Eighth Amendment are still relevant to the Court's analysis.

Dept of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); see also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety...."). An incorrect medical diagnosis is not sufficient to establish a claim. Domino, 239 F.3d at 756. Also, disagreement with a course of medical treatment will not suffice. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff has failed to provide the Court with summary judgment evidence showing officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

The undisputed summary judgment evidence shows Plaintiff was arrested on September 2, 2009, and placed in the Travis County Jail. See Amended Complaint. Within 24 hours of his arrest, Plaintiff was evaluated by Dr. Ford, an attending psychiatrist for the TCCC. See Defendant Ford's Motion for Summary Judgment at Exhibit A. At the initial visit, Dr. Ford took a history from the patient and conducted an examination. Id. Based on his examination, Dr. Ford determined Plaintiff did not pose an immediate threat of suicide or harm to others. Id. Similarly, Dr. Ford determined Plaintiff was not in any acute mental distress at that time, and therefore Dr. Ford formed the professional medical opinion, based upon his education, training and experience, that Plaintiff was not in need of psychiatric medication at that time. Id. According to Dr. Ford, he discussed with Plaintiff or his staff the need to obtain and analyze the patient's prior medical records in order to determine the reason any previous physicians had believed it appropriate to prescribe psychiatric

6

medications for Plaintiff, as he did not believe such medications to be medically necessary based upon Plaintiff's contemporaneous presentation. Id.

In regard to Plaintiff's care, Dr. Ford instituted a plan of care to: (1) order and review Plaintiff's past medical records; (2) hold off on prescribing medications so that he could observe the patient's baseline mental health condition as was prudent under applicable medical standards of care; and (3) schedule Plaintiff for a follow-up visit approximately 11 days later on September 14, 2009, to observe the patient and make any necessary care adjustments at that time. Id. Plaintiff was released from custody on September 10, 2009, before the scheduled follow-up visit scheduled for September 14, 2009. Id.

The summary judgment evidence shows Dr. Ford and Travis County staff were attentive to Plaintiff's mental health needs. Plaintiff's disagreement with the treatment that he received does not establish a claim under § 1983 upon which relief may be granted. See Estelle v. Gamble, 429 U.S. 97, 99-101, 97 S. Ct. 285 (1976) (prisoner's § 1983 suit for alleged denial of medical treatment dismissed for failure to state a claim, despite evidence of minor medical response in the face of repeated prisoner complaints); Domino, 239 F.3d at 753-54 (prison psychiatrist not deliberately indifferent for failing to predict prisoner's suicide after a five minute interview with prisoner); Johnson, 759 F.2d at 1237 (prisoner's suit dismissed upon state's showing of continuing medical treatment); see also Carrothers v. Kelly, 312 Fed. Appx. 600, 602-3 (5th Cir. 2009) (unpublished) ("The evidence supports the conclusion that Dr. Bearry did not follow through with his plan to refer Carrothers to either an orthopedist or a neurosurgeon. . . . At best, the evidence indicates that Dr. Bearry's failure was the result of negligence, and acts of negligence are not cognizable under § 1983."). At most, Plaintiff's allegations against the defendants amount to negligence. However,

claimed negligence is not cognizable under § 1983, Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662 (1986). Accordingly, the individually-named defendants are entitled to qualified immunity with respect to Plaintiff's claims relating to his medical care.

    2.    Grievances

Sometime after the attempted suicide Plaintiff was returned to jail. In January 2010, four months after the alleged denial of his desired medication, Plaintiff filed a grievance with regard to his medical care in September. Sergeant Whitney, the grievance supervisor, responded to the grievance on January 20, 2010. See Travis County Defendants' Ex. A-5 at 2450265-2450266. Plaintiff indicates he appealed the denial of his grievance to Defendants Cureton and Brown, and the denial was upheld. Plaintiff complains that by denying his grievance, the Travis County Defendants "instituted individually, or continued the procedures, rules, regulations, customs, practices, and operations that created and still create an environment that is unsafe, unlawful, unconstitutional, grossly negligent, and deliberately indifferent." See Plaintiff's Amended Complaint at 5.

Prisoners do not have a federally protected liberty interest in having their complaints resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). The summary judgment evidence shows Cureton and Brown dealt with Plaintiff's appeal of his grievance relating to his medical care. However, as Defendants point out, the grievance was submitted after Plaintiff's suicide attempt when Plaintiff was returned to jail after his hospitalization in the Austin Lakes Hospital. See Travis County Defendants' Exhibit A-5 at 2450275. As Plaintiff has failed to show a violation of a constitutional right, Defendants are entitled to qualified immunity.

C.   County Liability

In addition to suing individually-named defendants Plaintiff sues Travis County, Texas. However, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986).

As mentioned above, Plaintiff failed to demonstrate a constitutional violation for inadequate medical care. However, even assuming that Plaintiff had established a constitutional violation, he has failed to show that a municipal policy was the moving force behind the violation. Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights. Moreover, the Travis County Defendants submitted the Jail's policies on the Inmate Grievance System, the Inmate Health Care Program, the Initial Health Screening of Inmates, Handling Emotionally Disturbed People, Special Medical Programs, and Pharmaceuticals. See

Travis County Defendants' Ex. A-1. There is no evidence that the Jail's policies caused the alleged delay in medical treatment.

  D. <u>Americans with Disability Act</u>

Finally, Plaintiff claims "the inadequate care to a disabled person violated" his rights and constituted a violation of the ADA. "Inadequate medical care," however, "does not provide a basis for an ADA claim unless medical services are withheld by reason of a disability." <u>Lee v. Valdez</u>, No. 3:07-CV-1298-D, 2009 WL 1406244 at *13 (N.D. Tex. May 20, 2009) (quoting <u>Marlor v. Madison County, Idaho</u>, 50 Fed. Appx. 872, 873 (9th Cir. 2002) (holding that plaintiff's Title II claim did not survive summary judgment where plaintiff failed to raise genuine issue of material fact that he was denied medical equipment because of his disability). In addition, other courts have held that a lawsuit under the Rehabilitation Act or the Americans with Disabilities Act cannot be based on medical treatment decisions. <u>See</u> <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1289, 1294 (11th Cir. 2005); <u>Fitzgerald v. Correctional Corp. of America</u>, 403 F.3d 1134, 1144 (10th Cir. 2005); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) (ADA does not create a remedy for medical malpractice). Here, Plaintiff has not alleged or offered evidence to show that he was denied adequate medical care because of his mental disability. Accordingly, summary judgment is appropriate.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DENY AS MOOT** the Travis County Defendants' Motions to Dismiss [#38-39], **GRANT** the Travis County Defendants' Motion for Summary Judgment [#44], and **GRANT** Defendant Ford's Motion for Summary Judgment [#46].

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE